[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12860
Non-Argument Calendar

_____

D. C. Docket No. 03-00053-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MADELINE STUCKEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 3, 2006)**

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Madeline Stuckey appeals her conviction, arising from a jury

verdict, for one count of conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371, arguing that the evidence was insufficient for a reasonable jury to find beyond a reasonable doubt that she was a knowing and willful participant in a conspiracy. Specifically, Stuckey was charged with, as an Internal Revenue Service ("IRS") employee, knowingly doing or omitting to do acts with the intent to enable others to defraud the United States, in violation of 26 U.S.C. § 7214(a)(6), and, as an IRS employee, willfully disclosing return or return information to others, in violation of 26 U.S.C. § 7213(a)(1).

We review a district court's denial of a motion for judgment of acquittal *de novo*. *United States v. Hansen*, 262 F.3d 1217, 1236 (11th Cir. 2001). "To uphold the denial of a motion for judgment of acquittal, we need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." *Id.* (quotation omitted). In reviewing a challenge to the sufficiency of the evidence to support a conviction, "we apply a *de novo* standard of review, but resolve all reasonable inferences in favor of the jury's verdict." *United States v. Pineiro*, 389 F.3d 1359, 1367 (11th Cir. 2004). "The evidence is sufficient so long as a reasonable trier of fact, choosing among reasonable interpretations of the evidence, could find guilt beyond a reasonable doubt." *Id.* (citation omitted). We will not disturb a guilty verdict if there is

2

substantial evidence to support it, "unless no trier of fact could have found guilt beyond a reasonable doubt." *United States v. Lyons*, 53 F.3d 1198, 1202 (11th Cir. 1995) (citation omitted).

The charging statute provides that:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371. Federal law makes it illegal for an IRS employee to "do[] or omit[] to do any act with intent to enable any other person to defraud the United States." 26 U.S.C. § 7214(a)(6). Federal law also makes it illegal for an IRS employee "willfully to disclose to any person, except as authorized . . . any return or return information." 26 U.S.C. § 7213(a)(1).

To convict for conspiracy, the government must prove beyond a reasonable doubt: "(1) an agreement among two or more persons to achieve an unlawful objective; (2) knowing and voluntary participation in the agreement; and (3) an overt act by a conspirator in furtherance of the agreement." *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003), *cert. denied*, 541 U.S. 1056, 124 S. Ct. 2195 (2004) and 125 S. Ct. 1366 (2005). The government must prove that "a conspiracy existed, that the defendant knew of it, and that the defendant, with

3

knowledge, voluntarily joined it." *Piniero*, 389 F.3d at 1368 (quotation omitted). The government may show participation in the conspiracy by circumstantial evidence, and it only needs to prove the defendant knew the general nature and scope of the conspiracy. *Id.* (citation omitted). An agreement may be based upon the reasonable inferences from the relationship of the parties, their overt acts and concert of action, and from the totality of their conduct. *See United States v. Guerra*, 293 F.3d 1279, 1285 (11th Cir. 2002), *cert. denied*, 537 U.S. 1141, 123 S. Ct. 934 (2003). A jury may choose not to believe a defendant's testimony, may reject the defendant's explanation, and may conclude that the defendant's false testimony is indicative of the defendant's guilt. *United States v. Allison*, 908 F.2d 1531, 1535 (11th Cir. 1990).

Because trial testimony, recorded telephone conversations, an incomplete tax form, among other items, were sufficient evidence from which a reasonable trier of fact could find Stuckey guilty beyond a reasonable doubt, we affirm her conviction.

**AFFIRMED**.